UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY<br>     Plaintiff, | )<br>)<br>)<br>) | |
| v. | ) | CAUSE NO.: 4:22-CV-91-JVB-JEM |
| J.O., *et al.*,<br>     Defendants. | )<br>)<br>) | |

**ORDER**

This matter is before the Court on a Joint Motion to Allow Defendants to Proceed Anonymously via Initials [DE 18], filed by Plaintiff on December 22, 2022. The parties request that the Defendants be given leave to proceed anonymously during the pendency of the case.

The parties request that the Court grant the Defendants leave to proceed anonymously because of the highly sensitive facts in this case, the involvement of minors, and because the identity of the defendants is not related to the resolution of the legal disputes at issue.

The Seventh Circuit Court of Appeals has explained that "[t]he use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross and Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *see also Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996) (recognizing that courts have permitted proceeding under a fictitious name in exceptional cases "where the party has a privacy right so substantial as to outweigh the 'customary and constitutionally-embedded presumption of openness in judicial proceedings'" (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981))). The Seventh

Circuit Court of Appeals has also said that "the presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the [party requesting anonymity] . . . exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004); *see also Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 721 (7th Cir. 2011), *aff'd en banc in relevant part*, 687 F.3d 840, 842-43 (7th Cir. 2013). In this case, the Court finds that the parties have overcome the presumption in favor of requiring a litigant's name to be a matter of public record by showing that the harm to Defendants if their identities are revealed exceeds the likely harm to Plaintiff by proceeding anonymously, especially since it agrees to the request.

Accordingly, the Court hereby **GRANTS** the Joint Motion to Allow Defendants to Proceed Anonymously via Initials [DE 18]. The Court **ORDERS** the parties to use the initials of all Defendants to refer to them and **ORDERS** the parties to refrain from revealing the identity of the Defendants. The Court **GRANTS** Plaintiff leave to file an amended complaint referring to the Defendants by initials only on or before **January 18, 2023**. The Court **ORDERS** that all future filings in this matter refer to Defendants by initials only, and the Court **DIRECTS** the Clerk of Court to change the Defendants' names on the docket to their initials.

The Court **DIRECTS** the Clerk of Court to **RETAIN UNDER SEAL** the documents which refer to the full name of Defendants.

So ORDERED this 4th day of January, 2023.

               s/ John E. Martin
               MAGISTRATE JUDGE JOHN E. MARTIN
               UNITED STATES DISTRICT COURT

cc:    All counsel of record