UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) J.O and L.O., Individually, and as Next Friends ) And Legal Guardians of E.O.; N.A. and ) K.A., Individually, and as Next Friends ) and Legal Guardians of H.A., ) ) Defendants. ) | CASE NO. 4:22-cv-00091 |

### AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Comes now the Plaintiff, Allstate Vehicle and Property Insurance Company ("Allstate"), by counsel, and for its cause of action against Defendants, J.O. and L.O., Individually, and as Next Friends and Legal Guardians of E.O. and N.A. and K.A., Individually, and as Next Friends and Legal Guardians of H.A., and alleges and says as follows:

1. Allstate is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in North Brook, Illinois. Allstate is therefore a citizen of the State of Illinois. Allstate is authorized to do business in the State of Indiana.

2. J.O., L.O., and E.O. are domiciled in Tippecanoe County, Indiana, and therefore, are citizens of the State of Indiana.

3. N.A., K.A., and H.A. are domiciled in Tippecanoe County, Indiana, and therefore, are citizens of the State of Indiana.

4. The amount in controversy in this matter exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and cost.

5. This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. §1332, in that it is a matter between citizens of different states where the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and cost.

6. This is an action for declaratory judgment pursuant to 28 U.S.C. §2201, seeking a determination of whether the actions and potential liabilities of the J.O, L.O., and E.O. as alleged by N.A., K.A., and H.A. is covered under a policy of homeowner's insurance issued by Allstate to J.O and L.O.

7. Commencing on April 29, 2015, Allstate had in effect a policy of homeowner's insurance, a House and Home policy, policy no. 932 364 741 ("Policy"), issued to J.O. and L.O.  A copy of the Policy and Declaration Sheet of Coverage are attached hereto, made a part hereof and marked as Exhibit "A."

8. N.A. and K.A. allege that, starting on or about June, 2015, and continuing through approximately August, 2020, H.A. was sexually abused by E.O.

9. N.A. and K.A. further claim that J.O. and/or L.O. had knowledge of E.O.'s predilection for sexual misconduct for a long period of time before they were notified of that conduct by H.A.

10. N.A. and K.A. further claim that J.O. and L.O. discovered E.O.'s predilection for sexually abusing younger children months before it was disclosed to the authorities and that J.O. and L.O. never disclosed the abuse to N.A. and K.A. and continued to let the N.A. and K.A.'s children play unsupervised with E.O. on a daily basis.

11. N.A. and K.A. claim that J.O. and L.O. are subject to liability for their negligence in failing to supervise E.O. and prevent the molestations from occurring.

12. N.A. and K.A. further claim that J.O. and L.O. are liable for negligent infliction of emotional distress allegedly sustained by N.A., K.A. and H.A.

13. The Policy defines the term "insured person" as "you and, if a resident of your household: any relative."

14. The Insuring Agreement of the Policy provides, in pertinent part: "This policy imposes joint obligations on persons defined as an insured person. This means that the responsibilities, acts and failures to act of a person defined as an insured person will be binding upon another person defined as an insured person."

15. The Family and Liability Protection provision of the Allstate Policy provides:

"**Losses We Do Not Cover Under Coverage X**

1. We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This exclusion applies even if:

    a) such insured person lacks the mental capacity to govern his or her conduct;

      b)      such bodily injury or property damage is of a different kind or degree than intended or reasonably expected; or

      c)      such bodily injury or property damage is sustained by a different person than intended or reasonably expected.

This exclusion applies regardless of whether such insured person is actually charged with, or convicted of, a crime."

16. E.O., is a relative of the J.O. and L.O. and resided in J.O. and L.O.'s household between 2016 and 2020.

17. As a result, E.O. is an insured person within the meaning of the Allstate Policy.

18. Any claims against E.O. by N.A. and K.A., individually or on behalf of H.A., are excluded under the Allstate Policy as they constitute bodily injury intended by, or which may reasonably be expected to result from, the intentional or criminal acts or omissions of any insured person.

19. Any claims against the J.O. and L.O. by N.A. and K.A., individually or on behalf of H.A., are excluded under the Policy because they constitute bodily injury intended by, or which may be reasonably expected to result from the intentional or criminal actions of E.O., an insured person under the Policy.

20. This exclusion precludes any liability Allstate may have under the Policy to indemnify and defend the J.O., L.O., and E.O. for bodily injury sustained by N.A. and K.A., and H.A.

21. Accordingly, an actual controversy exists between the parties whether there is liability coverage for, or any duty to defend, J.O., L.O., and E.O. under the Policy for

the claims alleged by the N.A., K.A., and/or H.A., which controversy cannot be resolved without intervention of the Court.

WHEREFORE, Plaintiff, Allstate Vehicle and Property Insurance Company, prays that the Court enter a judgment declaring the rights of the parties under the Policy, declaring that there is no liability insurance coverage for any damages sought by the N.A. and K.A., individually, or on behalf of H.A., declaring that Allstate has no duty to defend the J.O., L.O., or E.O. in any civil action pursued by N.A. and K.A., individually, or on behalf of H.A., and for all other just and proper relief in the premises.

Respectfully submitted,

**CARSON LLP**

By: *s/ Eric M. Blume*
Eric M. Blume, #29836-02
Larry L. Barnard, #11904-49
Michael C. Ross, # 30831-49
301 W. Jefferson Blvd., Ste. 200
Fort Wayne, IN 46802
Telephone: (260) 423-9411
Email: blume@carsonllp.com
Email: barnard@carsonllp.com
Email: ross@carsonllp.com

*Attorneys for Plaintiff, Allstate Vehicle and Property Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2023, a copy of the foregoing document was filed electronically with the Court and was served via the Court's CM/ECF system on the following parties of record:

| | |
|---|---|
| Phillip R. Zimmerly, Esq.<br>Bose McKinney & Evans, LLP<br>111 Monument Circle, Suite 270<br>Indianapolis, IN 46204<br>Email: pzimmerly@boselaw.com | Gregory L. Laker, Esq.<br>Amina A. Thomas, Esq.<br>Cohen & Malad, LLP<br>One Indiana Square, Ste. 1400<br>Indianapolis, IN 46204<br>Email: glaker@cohenandmalad.com<br>Email: athomas@cohenandmalad.com |

*s/ Eric M. Blume*