UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ALLSTATE VEHICLE AND PROPERTY ) <br> INSURANCE COMPANY, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> J.O. and L.O., Individually, and as Next ) <br> Friends and Legal Guardians of E.O.; N.A. ) <br> and K.A., Individually, and as Next ) <br> Friends and Legal Guardians of H.A., ) <br>     Defendants. ) | CAUSE NO.: 4:22-CV-91-JVB-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Summary Judgment [DE 31], filed by Plaintiff Allstate on March 15, 2023. This matter is also before the Court on Defendants N.A. and K.A.'s Cross-Motion for Summary Judgment [DE 41], filed on May 2, 2023, and Insured Defendants' Cross-Motion for Summary Judgment [DE 43], filed by Defendants J.O. and L.O. on May 3, 2023. N.A. and K.A. filed their response to Allstate's Motion[1] on May 2, 2023, and J.O. and L.O. filed their response to Allstate's Motion[2] on May 3, 2023. Allstate filed its replies on June 15, 2023, and N.A. and K.A., and J.O. and L.O. filed their replies on July 20, 2023. For the reasons set forth below, the Court grants in part each of the motions.

**PROCEDURAL BACKGROUND**

On November 15, 2022, Allstate Vehicle and Property Insurance Company ("Allstate") filed a complaint against J.O. and L.O., individually and as next friends and legal guardians of

---

[1] N.A. and K.A.'s response to Allstate's Motion is combined with their Memorandum of Law in Support of their Cross-Motion for Summary Judgment.
[2] J.O. and L.O.'s response to Allstate's Motion is combined with their Memorandum of Law in Support of their Cross-Motion for Summary Judgment.

E.O., a minor child (referred to herein by their initials, or collectively as "Insured Defendants") and N.A. and K.A., individually and as next friends and legal guardians of H.A., a minor child (referred to herein by their initials, or collectively as "A Defendants"). A Defendants filed a state court complaint alleging that E.O. acted with "intent to cause harmful or offensive contact", engaged in "intentional and/or reckless" conduct, and engaged in conduct that was negligent. Allstate seeks a declaratory judgment that the state court claims for damages by A Defendants resulting from acts of E.O. against H.A. are excluded from coverage as "bodily injury intended by, or which may reasonably be expected to result from the intentional or criminal acts of any insured person." In broad terms, the state court action alleges that E.O. sexually abused H.A. over a period of years while both were minor children.

Allstate's motion for summary judgment seeks a ruling that there is no insurance coverage for certain acts committed by E.O. against H.A. Allstate's motion, supporting brief and statement of material facts were filed on March 15, 2023. N.A. and K.A. filed their cross-motion, brief, and response to material facts, including additional material facts, on May 2, 2023. J.O. and L.O. filed their cross-motion, brief, and response to material facts which included additional material facts on May 3, 2023. Both cross-motions seek a ruling that there is insurance coverage for the acts in question. Allstate filed its reply and responses to the additional material facts on June 15, 2023. N.A. and K.A. and J.O. and L.O. filed their replies on July 20, 2023. The motions for summary judgment are now ripe for ruling.

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying the evidence, if any, which it believes demonstrates the lack of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, the burden shifts to the non-moving party to show that an issue of material fact exists. *Keri v. Bd. of Tr. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006). Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628. The same standard applies when considering cross-motions for summary judgment. *Int'l Bhd. of Elec. Workers, Local 176 v. Balmoral Racing Club, Inc.*, 293 F.3d 402, 404 (7th Cir. 2002). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50.

On cross motions for summary judgment, a court construes, "all inferences in favor of the party against whom the motion under consideration is made." *Speciale v. Blue Cross & Blue Shield Ass'n*, 538 F3.d 615, 621 (7th Cir. 2008). The Court looks to the burden of proof each party would bear on an issue at trial. *Diaz v. Prudential Ins. Co. of Am.*, 499 F.3d 640, 643 (7th Cir. 2007) (quoting *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997)).

## MATERIAL UNDISPUTED FACTS

Beginning on April 29, 2015, and continuing through April 29, 2021, Allstate insured J.O and L.O. under several consecutive House and Home Policies ("Policy"). The Policy defines insured persons as "you and, if a resident of your household: a) any relative; and b) any person under the age of 21 in your care."

The Family Liability Protection (Coverage X) provision of the Policy provides:

**Losses We Cover Under Coverage X**

Subject to the terms, conditions and limitations of this policy, **we** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies, and is covered by this part of the policy.

**We** may investigate or settle any claim or suit for covered damages against an **insured person**. If an **insured person** is sued for these damages, **we** will provide a defense with counsel of our choice, even if the allegations are groundless, false or fraudulent. **We** are not obligated to pay any claim or judgment after **we** have exhausted our limit of liability.

(emphasis in original). The Family Liability Protection provision of the Policy further provides:

**Losses We Do Not Cover Under Coverage X**

1. **We** do not cover any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**.

This exclusion applies even if:

> a) such **insured person** lacks the mental capacity to govern his or her conduct;
> b) such **bodily injury** or **property damage** is of a different kind or degree than intended or reasonably expected; or
> c) such **bodily injury** or **property damage** is sustained by a different person than intended or reasonably expected.
>
> This exclusion applies regardless of whether such insured person is actually charged with, or convicted of, a crime.

(emphasis in original).

E.O. is the child of J.O. and L.O. and resided in the household of J.O. and L.O. between 2016 and 2020; therefore E.O. is an insured person under the terms of the Policy. Between April 2015 and January 2019, E.O. was between the ages of 8 and 13.

In January, 2021, H.A. disclosed to his parents, N.A. and K.A., that he had been sexually abused by E.O. for the past several years. On December 9, 2022, A Defendants filed a suit in state court against the Insured Defendants alleging claims of sexual assault, civil assault, negligent infliction of emotional distress, negligence, negligent supervision, and premises liability. The allegations of the underlying complaint assert that E.O. acted with "intent to cause harmful or offensive contact", "intentional and/or reckless" conduct, and that some of his conduct was negligent. The underlying lawsuit remains pending.

E.O. submitted an affidavit that he did not intend to harm H.A.

## DISPUTED FACTS

Insured Defendants and A Defendants each state as facts that children are capable of forming the intent to molest at a relatively young age and may know that their actions are improper, but that children who molest generally do not appreciate the harm they are causing and do not acquire that awareness until they approach eighteen. They rely on a report by Dr. Stuart W. Bassman, a Psychologist and Director of the A.W.A.R.E. program, an Ohio

5

accredited therapeutic program designed to treat sexual abuse and sexual addiction. Allstate asks to have the report stricken because it is unsworn and unverified and therefore may not be relied on as Rule 56 evidence, an argument addressed later in this Opinion. Allstate states that the opinions raised by Dr. Bassman are contrary to the allegations in the underlying state court complaint. Allstate also disputes the assertion that E.O. did not intend to harm H.A. and argues that that statement is contrary to the allegations of A Defendants' complaint against Insured Defendants pending in state court.

## ANALYSIS

### A. Choice of Law

Resolution of the requests for summary judgment is ultimately a matter of interpretation of the terms of the Policy. As an initial matter, the Court must determine which state's laws apply to this case, which is in federal court under diversity jurisdiction. In insurance contract interpretation disputes, the "law of the forum having the most intimate contacts with the facts determines which law governs an action on a contract." *Pennington v. American Family Ins. Group*, 626 N.E. 2d 461, 465 (Ind. Ct. App. 1993). That state is Indiana, all of the parties argue Indiana law, and the Court finds that Indiana law applies.

### B. Indiana Contract Law

In Indiana, the interpretation and construction of contract provisions are questions of law for courts to decide. *Neal v. Purdue Fed. Credit Union*, 201 N.E.3d 253, 261 (Ind. Ct. App. 2022). Insurance policies are governed by the same rules of construction as other contracts. *Westfield Ins. Co. v. Hill*, 790 F. Supp. 2d 855, 860 (N.D. Ind. 2011). In interpreting unambiguous contract language, courts give effect to the parties' intentions as expressed in the four corners of the document. *Franciscan All. Inc. v. Metzman*, 192 N.E.3d 957, 963 (Ind. Ct.

App. 2022). The unambiguous terms are given their plain and ordinary meaning. *Neal*, 201 N.E.3d at 261.

Whether a contract is ambiguous is itself a question of law. *Evans v. Med. & Pro. Collection Servs., Inc.*, 741 N.E.2d 795, 798 (Ind. Ct. App. 2001). A contract is not ambiguous merely because the parties disagree about the proper interpretation of its terms. *Franciscan Alliance*, 192 N.E.3d at 963. Ambiguity exists where reasonable people could differ as to the meaning of a word or phrase. *Id.* When ambiguity exists because of contract language and not because of extrinsic evidence, resolution of the ambiguity is a question of law. *Id.* at 964.

Here, the particular contracts in question--a series of insurance contracts--contain the same relevant provisions. Insurance contracts are construed strictly against the insurance company, and ambiguities in the contract are resolved in favor of the party insured. *Garco Indus. Equip. Co., Inc. v. Mallory*, 485 N.E. 2d 652, 654 (Ind. Ct. App. 1985).

### C. Duty to Defend

"In Indiana, an insurer's duty to defend is broader than an insurance company's coverage liability or its duty to indemnify." *Aluminum Trailer Co. v. Westchester Fire Ins. Co.*, 24 F.4th 1134, 1136 (7th Cir. 2022) (quotation marks omitted). An insurer must provide a defense unless "there is no possible factual or legal basis on which the insurer might be obligated to indemnify." *Property-Owners Ins. Co. v. Virk Boyz Liquor Stores, LLC*, 219 F. Supp. 3d 868, 873 (N.D. Ind. 2016) (applying Indiana law); *see also City of Gary v. Auto-Owners Ins. Co.*, 116 N.E.3d 1116, 1121 (Ind. Ct. App. 2018) ("The duty to defend is triggered when the complaint alleges facts that might fall within the coverage of the policy."). So long as there is one claim that falls within the scope of coverage, the insurer must provide a defense for its insured for the entire lawsuit. *Property-Owners Ins.*, 219 F. Supp. at 873.

The Court "determine[s] [an] insurer's duty to defend from the allegations contained within the complaint and from those facts known or ascertainable by the insurer after reasonable investigation." *Defender Sec. Co. v. First Mercury Ins. Co.*, 803 F.3d 327, 334 (7th Cir. 2015) (applying Indiana law). "[T]he nature of the claim, not its merit, . . . establishes an insurer's duty to defend." *City of Gary*, 116 N.E.3d at 1121 (citing *Trisler v. Ind. Ins. Co.*, 575 N.E.2d 1021, 1023 (Ind. Ct. App. 1991)). "[I]f the pleadings reveal" or "the underlying factual basis of the complaint" shows "that a claim is clearly excluded under the policy, then no defense is required." *Id.* (internal citations omitted). However, ambiguous language in an insurance policy is "construed strictly against the insurer" and is viewed from the insured's perspective. *Auto-Owners Ins. Co. v. Harvey*, 842 N.E.2d 1279, 1283 (Ind. 2006).

Both sets of Defendants argue that Allstate has a duty to defend because the underlying complaint sounds both in intentional and negligence torts. Both sets of Defendants also argue that E.O. did not intend to harm H.A., and therefore the claims are not excluded from coverage. Allstate argues that it has no duty to defend because the acts of E.O. were intentional and criminal, and that the allegations of the underlying complaint reference intentional acts even in the negligence-based causes of action.

The exclusion from coverage language in the Policy is: "**We** do not cover any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person.**" The Policy further provides that "If an **insured person** is sued for these damages, **we** will provide a defense with counsel of our choice, even if the allegations are groundless, false or fraudulent." Accordingly, the parties' arguments center on whether the alleged actions were intentional or criminal and whether the alleged injuries could have been expected.

8

i.  Were the acts intentional?

Allstate argues that coverage is excluded because E.O.'s actions were intentional. Defendants argue that coverage is not excluded in this case. A Defendants argue that there is a dispute of fact as to whether E.O.'s actions were based on a mistaken belief that H.A. consented and therefore were negligent rather than intentional. Insured Defendants argue that, in order to exclude coverage, both the acts themselves must have been intentional and they must have been intended to or reasonably expected to cause bodily injury.

The underlying complaint states that E.O. "acted with intent to cause harmful or offensive contact," that some of his acts "were intentional and/or reckless," and some acts "were also negligent." Pleading in the alternative is a proper pleading method under Indiana's pleading rules. *See Atterhold v. Robinson*, 872 N.E. 2d 633, 640 (Ind. Ct. App. 2007) (citing Indiana Trial Rule 8(E)). Both Insured Defendants and A Defendants have attached to their responses an affidavit from E.O. stating that he did not intend to harm H.A. Allstate has a duty to defend against claims arising from non-intentional actions. Since there is a dispute as to whether the acts were intentional within the meaning of the contract, Allstate must provide a defense in this case.

ii.  Were the acts criminal?

A Defendants argue that the acts were not criminal because, due to his age, E.O. could not have been charged with a crime for committing them. *See State v. Pemberton*, 186 N.E. 3d 647, 655 (Ind. Ct. App. 2022), *trans. denied* ("We read Indiana Code section 31-30-1-11(a) to prohibit criminal proceedings when the acts alleged as crimes were committed by an individual under age eighteen over whom the juvenile court was not deprived of jurisdiction by our legislature."). Allstate does not respond to this argument, and it is therefore waived. *See M.G.*

*Skinner & Assocs. Ins. Agency v. Norman-Spencer Agency, Inc*., 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."). For purposes of this motion for summary judgment, the Court finds that there is no genuine issue of material fact that the acts of E.O. were not criminal. Since coverage must be provided unless the acts were criminal or intentional, coverage must be provided in this case.

    iii.    Was the bodily injury intended, or reasonably expected?

Much of the parties' briefing is devoted to the issue of whether E.O. intended to harm H.A. or whether harm could have been reasonably expected. Both Defendants argue that E.O. did not intend to harm H.A. and attach an affidavit from E.O. to that effect. Defendants also rely on the report of Dr. Bassman to argue that, because of his age, E.O. may not have even been capable of intending to harm H.A.

Allstate argues that, according to Indiana law, "intent to injure can be inferred in certain situations where the actual intent cannot be shown, if the nature and character of the act are such that intent to cause harm must be inferred as a matter of law." *PSI Energy, Inc. v. Home Insurance Company*, 801 N.E.2d 705, 729 (Ind. App. 2004). Therefore, Allstate argues, coverage is not based on whether E.O. was able to foresee the injury his acts might cause, but instead is excluded since "bodily injury was reasonably expected to result from the intentional or criminal acts of E.O.", even if E.O. himself could not have had that expectation. It also argues that the state court complaint contradicts Defendants' arguments that E.O. did not intend harm.

The question of who must be able to foresee injury need not be decided in this case because Allstate has a duty to defend when a complaint alleges negligent acts, as described above. The underlying complaint contains allegations of both intentional and non-intentional acts, and Allstate and Insured Defendants, at a minimum, both argue that there are issues of

material fact as to E.O.'s intent. Because the duty to defend is broader than the duty to indemnify, the Court therefore need not decide whether the intentional acts of E.O. were reasonably expected to result in harm in order to determine whether there is a duty of defend. *See Aluminum Trailer Co. v. Westchester Fire Ins. Co.*, 24 F.4th at 1136.

### D. Duty to Indemnify

The contract language excludes indemnification for acts which were intended or criminal, and which were intended to or could be reasonably expected to cause harm Although all of the parties seek summary judgment on the issue of the duty to indemnify as well as the duty to defend, they each also concede that there are issues of material fact as to E.O.'s intent to cause harm or his expectations of whether harm may result.. Allstate argues that, if it is not stricken, Dr. Bassman's report creates an issue of fact as to E.O.'s intention because it asserts that children do not always intend harm. Defendants likewise argue that there are material disputes of fact as to reasonable foreseeability of harm.

The causes of action in the underlying complaint sound in both intentional torts and negligence torts. A Defendants argue that E.O. may have acted negligently because of the issue of consent. None of those questions can be resolved on motions for summary judgment. *See Liberty Lobby*, 477 U.S. at 249-50.

A reasonable jury could conclude that E.O. acted intentionally, and only then would the issue of E.O.'s intentions and expectations of harm become relevant to the issue of whether there is coverage for any damages. In light of this dispute, the Court cannot conclude that there is no duty to indemnify until the underlying tort litigation determines whether the acts were intentional and therefore the motions seeking summary judgment on the issue of the duty to indemnify will be denied.

### E. N.A. and K.A. claims for negligent infliction of emotional distress

Allstate argues that claims for negligent infliction of emotional distress do not constitute bodily injury covered by the Policy. N.A. and K.A. concede that their claims for negligent infliction of emotional distress are excluded from coverage. J.O. and L.O. argue that the claim for negligent infliction of emotional distress fails as a matter of law. The Court need not decide whether the claim fails as a matter of law in order to resolve the issue of whether the claim is excluded from coverage. Based on the concession by N.A. and K.A., and the failure to respond substantively by J.O. and L.O., the Court finds that Allstate has no duty to indemnify J.O. and L.O. for any claim for negligent infliction of emotional distress by N.A. and K.A. *See M.G. Skinner*, 845 F.3d at 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

Although Allstate will not have to indemnify J.O. and L.O. for any damages proved related to N.A. and K.A.'s claims for negligent infliction of emotional distress, there are allegations and causes of action within the underlying complaint which, if proven, would trigger coverage, and therefore Allstate must still defend J.O. and L.O. against all claims in the underlying complaint. *Ind. Farmers Mut. Ins. Co. v. N. Vernon Drop Forge, Inc.*, 917 N.E. 2d 1258 (Ind. Ct. App., 2009) ("If the policy is otherwise applicable, the insurance company is required to defend even though it may not be responsible for all of the damages assessed.").

### F. Rule 56 Dr. Bassman Report

Insured Defendants and A Defendants both attached Dr. Bassman's report to their cross-motions for summary judgment as support for the factual statement that minor children do not always appreciate the harm they are causing until they are close to eighteen. Allstate moves to strike the report because it is unsworn and unverified. Insured Defendants and A Defendants

each argue that striking the report is inappropriate as any defect can be remedied by allowing them to file the affidavit that they attached to their respective replies verifying Dr. Bassman's report. Federal Rule of Civil Procedure 56 provides that: "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, . . . affidavits or declarations, . . . or other materials;". Fed. R. Civ. P. 56(c)(1)(A). Rule 56 further provides that "a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Allstate objects that the report of Dr. Bassman is not verified or sworn but does not argue that the facts asserted therein cannot be presented in a form that would be admissible at trial. Defendants tendered an affidavit from Dr. Bassman as part of their replies which verifies the report and attests that the report sets forth Dr. Bassman's opinions to a reasonable degree of psychological certainty. Because the report has now been verified, and an affidavit meeting the standards of Rule 56 has been tendered, the report will not be stricken.

Resolving the issue of whether Dr. Bassman's report creates a genuine issue of material fact is not necessary, as the issue of whether Allstate has a duty to defend does not require that issue to be decided, and the issue of whether Allstate has a duty to indemnify cannot be resolved until the underlying tort litigation resolves the issue of E.O.'s intent.

## CONCLUSION

Based on the above, the Court hereby **GRANTS in part** the Motion for Summary Judgment [DE 31], finding that Allstate does not have a duty to indemnify Insured Defendants for any judgment entered with regard to the claim of N.A. and K.A. for negligent infliction of emotional distress, and **GRANTS in part** Defendants N.A. and K.A.'s Cross-Motion for

13

Summary Judgment [DE 41], and Insured Defendants' Cross-Motion for Summary Judgment [DE 43], finding that Allstate has a duty to defend the Insured Defendants in the underlying state court action. The Court **FINDS** that there are issues of material fact as to whether Allstate will owe a duty to indemnify for the remaining causes of action.

SO ORDERED on January 26, 2024.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
